UNITED STATES of America,
Plaintiff–Appellee,

v.

Norman W. COLLINS, Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

James M. McREYNOLDS,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

MOUNTAIN PLAINS CONSTRUCTION,
INC., Defendant–Appellant.

No. 91–1283.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1991.

Decided Nov. 26, 1991.

James Wyrsch, Kansas City, Mo., argued (Gerald Handley and Richard Miller on brief), for defendants-appellants.

D. Michael Green, Asst. U.S. Atty., Kansas City, Mo., argued, for plaintiff-appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

In a jury trial conducted by a magistrate judge,[1] Norman W. Collins, James M. McReynolds, and Mountain Plains Construction, Inc. were convicted of the improper storage of explosives and the failure to notify the Bureau of Alcohol, Tobacco, and Firearms after acquisition of explosive magazines, in violation of 18 U.S.C. §§ 842(j), 844(b), and 2(a). The district court,[2] 756 F.Supp. 1253, affirmed the jury verdict, and Collins, McReynolds, and Mountain Plains appeal. We affirm.

I.

Collins is the owner, president and chief executive officer of Mountain Plains Construction, Inc., which is licensed to do business in Missouri, Kansas, and several other states. McReynolds was the project foreman at Mountain Plains' mid-town freeway construction site, a blasting project located at the juncture of 87th Street and 71 Highway in Kansas City, Missouri.

On November 29, 1988, the fire department was called to respond to a fire at the construction site. Shortly after their arrival, an explosives magazine trailer exploded

---

1. The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

2. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

and six firemen were killed. A second trailer exploded a short time later.

Agents from the Bureau of Alcohol, Tobacco and Firearms (ATF) arrived at the scene of the explosion to investigate. The agents discovered that the two trailers that exploded had contained explosives. They also discovered two other explosives magazines which had not been damaged. The agents further found that Mountain Plains had an ATF explosives user permit, that Mountain Plains had never notified ATF upon acquisition of the explosives magazines, and that the explosives magazines had been placed too close to a highway and an inhabited building.

The agents later interviewed both Collins and McReynolds concerning the notification and storage violations and the suspected arson which the agents believed caused the initial fire. Collins and McReynolds admitted during the interview that they had jointly decided where the trailers would be placed and that they had relied on their experience in the explosives industry, rather than the required "table of distances" in the ATF regulations, in reaching their decision. Specifically, McReynolds told the agents that he had directed the truck drivers where to place the explosives magazine trailers when they were delivered. Collins acknowledged that he was aware of the applicable ATF regulations and admitted that he remembered the ATF compliance inspector reviewing the regulations and requirements with him when Mountain Plains first applied for the ATF explosives user permit in June 1987. Finally, Collins told the agents that his failure to notify ATF upon acquiring the explosives trailers had been an oversight.

Collins, McReynolds, and Mountain Plains were charged with the improper storage of explosives and the failure to notify the ATF after acquiring explosives magazines, in violation of 18 U.S.C. § 842(j), 18 U.S.C. § 844(b), 18 U.S.C. § 2(a), and the corresponding ATF regulations. Count One charged Collins and Mountain Plains with failing to notify the ATF after knowingly acquiring explosives magazines. Count Two charged Collins, Mountain Plains, and McReynolds with knowingly storing explosive materials in a Type 5 magazine too close to an inhabited building and a public highway. Count Three charged each defendant with knowingly storing explosive materials in a Type 2 magazine too close to an inhabited building and a public highway.

The jury found Collins and Mountain Plains guilty on counts one, two, and three. McReynolds was found guilty on counts two and three. Each defendant received a fine, and Collins and McReynolds were also placed on probation for one year.[3]

On appeal, Collins, McReynolds, and Mountain Plains (appellants) argue that the trial court erred by ruling that "knowingly," as used in the several charges, does not require a specific intent to violate the law; by admitting traffic count evidence; by failing to dismiss the information because it did not allege the involvement of interstate commerce; by overruling appellants motions for judgment of acquittal; by failing to instruct the jury on consignment and agency; and by failing to suppress evidence that was illegally seized by ATF agents.

## II.

■ Appellants first argue that the trial court incorrectly ruled that "knowingly," as charged in the information, encompasses only the knowledge that explosives materials were being handled. Rather, they argue that the government should have had to prove that each defendant had acted with the specific intent to violate the law. We disagree.

The principal statute at issue provides that "[i]t shall be unlawful for any person to store any explosive material in a manner not in conformity with the regulations . . . ." 18 U.S.C. § 842(j). No specific intent or knowledge that such conduct is prohibited

---

**3.** The maximum penalty is a $1,000.00 fine, imprisonment of not more than one year, or both.

18 U.S.C. § 844(b).

is required by this statutory language, which is clearly aimed at the protection of persons and property from the hazardous nature of explosives materials. *See* H.R.Rep. No. 91–1549, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Ad. News 4007, 4011, 4013.

In *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), the Supreme Court addressed the scienter required in a public welfare statute that similarly "require[d] no specific intent or knowledge." *Id.* at 607, 91 S.Ct. at 1117. In that case, the defendants were indicted under the National Firearms Act for possession of unregistered hand grenades. The Court held that no specific intent or knowledge with respect to the illegal status of the hand grenades was necessary, *id.*, basing its holding on the fact that the Act was a "regulatory measure in the interest of the public safety." *Id.* at 609, 91 S.Ct. at 1118; *see United States v. Dotterweich*, 320 U.S. 277, 284, 64 S.Ct. 134, 138, 88 L.Ed. 48 (1943) (Court approved criminal penalty even "though consciousness of wrong-doing be totally wanting.").

The *Freed* Court concluded with a quotation from *United States v. Balint*, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922), a case in which a defendant's conviction for the sale of narcotics was upheld even though he had no knowledge that this activity was proscribed by a federal act.

> Congress weighed the possible injustice of subjecting an innocent seller to a penalty against the evil of exposing innocent purchasers to danger from the drug, and concluded that the latter was the result preferably to be avoided.

*Id.* at 254, 42 S.Ct. at 303. In support of the result in *Freed*, Justice Brennan explained that "the likelihood of governmental regulation of the distribution of [hand grenades] is so great that anyone must be presumed to be aware of it." 401 U.S. at 616, 91 S.Ct. at 1122 (Brennan, J., concurring). The same analysis and rationale applies to Congress' regulation of explosive materials under 18 U.S.C. § 842(j).

The *Freed* Court's analysis, as applied to this case, requires only that the govern-ment prove the knowing possession of the explosives and that appellants knew that what they possessed were explosives. *Id.* at 607, 91 S.Ct. at 1117 (Brennan, J., concurring). We have applied this analysis to other similar statutes. *See, e.g., United States v. Udofot*, 711 F.2d 831, 835 (8th Cir.), *cert. denied*, 464 U.S. 896, 104 S.Ct. 245, 78 L.Ed.2d 234 (1983); *United States v. Flum*, 518 F.2d 39, 45 (8th Cir.) (en banc), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975); *Sipes v. United States*, 321 F.2d 174, 179 (8th Cir.), *cert. denied*, 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150 (1963); *Holdridge v. United States*, 282 F.2d 302, 310 (8th Cir.1960).

The magistrate judge therefore properly concluded that "knowingly" relates only to knowledge of the possession of the explosives. In contrast to the illegal use of food stamps, *Liparota v. United States*, 471 U.S. 419, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985), which embodies a mens rea requirement, the use of explosives materials is "a type of conduct that a reasonable person should know is subject to stringent public regulation and may seriously threaten the community's health or safety." *Id.* at 433, 105 S.Ct. at 2092.

Second, appellants argue that the trial court improperly admitted evidence of the daily traffic count on 87th Street and 71 Highway. The trial court has broad discretion to admit evidence. *United States v. Oliver*, 908 F.2d 260, 263 (8th Cir.1990). After reviewing the record, we agree with the district court's determination that "the evidence was introduced after proper foundation had been laid", and that "[w]hat was to be believed was for the jury to determine."

■ Third, appellants contend that the trial court erred by failing to dismiss the information because it did not allege the involvement of interstate commerce. We disagree.

In *United States v. Dawson*, 467 F.2d 668 (8th Cir.1972), *cert. denied*, 410 U.S. 956, 93 S.Ct. 1427, 35 L.Ed.2d 689 (1973), we addressed this question with regard to

18 U.S.C. § 842(h)[4] and held that "the Government need not specifically allege and prove a connection between interstate commerce and the conduct made criminal by § 842(h)." *Id.* at 673. Neither section 842(h) nor section 842(j), as the district court points out, "require transportation in interstate commerce as an element." We believe that our analysis in *Dawson* applies with equal force to section 842(j).

Appellants' remaining contentions are adequately answered in the district court's memorandum order and do not warrant further discussion here.

The district court's order is affirmed.

---

**4.** 18 U.S.C. § 842(h) provides:

It shall be unlawful for any person to receive, conceal, transport, ship, store, barter, sell, or dispose of any explosive materials knowing or having reasonable cause to believe that such explosive materials were stolen.